UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN,<br><br>    Defendant. | **Case No. 1:16-cv-01096-DAD-EPG**<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT**<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS<br><br>(ECF No. 1) |

Plaintiff Tracy Johnson, proceeding *pro se* and *in forma pauperis*, filed a Complaint on July 28, 2016. (ECF No. 1.) The Complaint alleges violations of 42 U.S.C. § 1983 against San Joaquin County Superior Court. *Id*. Plaintiff alleges that he was sentenced unfairly by the court and should be released and awarded $1 million at the time of his release. The Court has screened the Complaint and makes its recommendations herein, namely, that Plaintiff's Complaint be dismissed without leave to amend.

### I. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of an *in forma pauperis* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to

1

amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at Deuel Vocational Institution in Tracy, California. The Complaint alleges that on March 30, 2016, Plaintiff was sentenced to two years in prison by Defendant for stealing money out of a church offering basket. He asks for relief in the form of an order releasing him from prison, as well as $1 million to be given to him when he leaves the prison.

## III.  DISCUSSION

Plaintiff's claim constitutes a challenge to the fact or duration of his confinement.  As a result, his sole federal remedy is a writ of habeas corpus and a lawsuit under 42 U.S.C. § 1983 is inappropriate.  *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is

not an available remedy under the Civil Rights Act"); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1989) ("Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.").

Moreover, a § 1983 claim is barred where a judgment in favor of a plaintiff "would necessarily imply the invalidity of his conviction or sentence." *Lockett v. Ericson*, 656 F.3d 892, 896 (9th Cir. 2011), *quoting Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."). Plaintiff explicitly requests relief invalidating his conviction and requiring his release.  Plaintiff has not, however, demonstrated that his conviction has already been reversed, expunged, or otherwise called into question.  Thus, Plaintiff's claims are not cognizable and must be dismissed. *Heck*, 512 U.S. at 487 ("A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.").

Dismissal of a *pro se* complaint without leave to amend is appropriate where any opportunity to amend the complaint would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").  No additional facts could cure the deficiencies in the Complaint.  The problem is not that it is missing important facts; it is that the requested relief is simply unavailable through a § 1983 lawsuit.  Dismissal without leave to amend is thus appropriate.

**IV.  RECOMMENDATION**

For the reasons set forth above, the Court finds that the Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2). Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the United States District Judge

assigned to this case pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 31, 2016**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE